DLD-021                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3119
_____

IN RE:  PETER J. WIRS,
                                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2:19-cv-04072)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2020
Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>
(Opinion filed: November 6, 2020)
_____

OPINION<sup>*</sup>
_____

PER CURIAM

  In September 2019, Peter J. Wirs initiated a proceeding in the United States

District Court for the Eastern District of Pennsylvania, seeking confirmation of an

arbitration award allegedly entered against the Republican National Committee.  The

District Court denied relief, holding that Wirs' claims were barred by the <u>Rooker-</u>

<u>Feldman</u> doctrine and res judicata.  Wirs appealed, and we affirmed.  <u>In re Motion to</u>

<u>Confirm Arbitration Award</u>, 823 F. App'x 113, 116 (3d Cir. 2020) (not precedential).  In

_____

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

October 2020, Wirs filed a petition for a writ of mandamus in this Court, requesting that we direct the District Court to comply with 9 U.S.C. § 9 and thereby confirm the arbitration award.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

The circumstances here are not extraordinary, and Wirs has failed to show that he has no other adequate means to challenge the District Court's refusal to confirm the arbitration award. In fact, Wirs previously sought our review of the District Court's decision. His lack of success in that appeal does not mean that there is no mechanism available to seek relief. To the extent that a litigant is dissatisfied with the disposition of an appeal, a proper course of action is to petition for rehearing, which Wirs has already done,[1] or to file a petition for a writ of certiorari with the United States Supreme Court. In sum, Wirs has made no showing that the right to issuance of the writ under these circumstances is "clear and indisputable."

---

constitute binding precedent.

[1] We note that several of the arguments that Wirs makes in his mandamus petition were

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

included in his rehearing petition.